UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLA JOHNSON,

        Plaintiff,

v.

SINGH SENIOR LIVING, LLC and
STEVEN TYSHKA,

        Defendants.
_____/

Case No. 2:20-cv-12073

HONORABLE STEPHEN J. MURPHY, III

## **OMNIBUS OPINION AND ORDER**

Plaintiff alleged that Defendants violated federal and state law when they fired her and refused to pay to her a bonus that she allegedly earned. ECF 1. In response, Defendants moved to dismiss the complaint in part. ECF 17. Plaintiff responded to the motion, ECF 18, moved to correct her response, ECF 19, and filed an updated response. ECF 20. The Court reviewed the briefing and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). The Court will first grant the unopposed motion to amend Plaintiff's response. ECF 19. The Court will also grant in part and deny in part the motion to dismiss. ECF 17.

### **BACKGROUND**

Defendant Singh Senior Living operates senior living centers in Michigan, North Carolina, and Virginia. ECF 15, PgID 53. Singh hired Plaintiff, an African American, to manage one of its facilities in North Carolina. *Id.* at 54. Plaintiff alleged that she successfully managed the senior living facility for about a year and in August

1

2019 received a four percent pay increase. *Id.* at 55–56. An employee of Singh also told Plaintiff that she would be considered for another pay increase in December 2019. *Id.* at 56. In December 2019, Plaintiff submitted a proposed budget for her facility that included a pay raise for herself. *Id.* at 57. In response to the proposed budget, Defendant Steven Tyshka threatened to immediately fire Plaintiff and disqualify her from receiving her fourth quarter bonus. *Id.* Plaintiff continued to work for Defendants until February 2020, when Tyshka fired her. *Id.* She alleged that, after her firing, Defendants hired a white individual to replace her. *Id.* at 58. Plaintiff later brought the present lawsuit.

## LEGAL STANDARD

When the Court analyzes a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true," the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

Defendants moved to dismiss Plaintiff's second through seventh claims.[1] The Court will address each claim in turn.

I.  State Law Wrongful Discharge and Federal Title VII Violation

Defendants argued that Plaintiff's second claim for wrongful discharge in violation of North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. § 134-422.2, and sixth claim for discrimination in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, should be dismissed because Plaintiff did not allege that Singh employed fifteen or more employees. ECF 17, PgID 92–94. But the argument fails. Plaintiff alleged that "Singh was [her] employer under applicable North Carolina Law [and] Title VII of the Civil Rights Act." ECF 15, PgID 53. And the NCEEPA applies only to an employer that "regularly employ[s] 15 or more employees." *Jarman v. Deason*, 173 N.C. App. 297, 298, 618 S.E.2d 776 (2005) (quoting N.C. Gen. Stat. § 143-422.2). An employer under Title VII "is defined to mean 'a person . . . who has fifteen or more employees.'" *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (quoting 42 U.S.C. § 2000e(b)). When Plaintiff alleged that Singh was her employer under the NCEEPA and Title VII she necessarily alleged that Singh employed 15 or more people under the text of the applicable statutes. Plaintiff's state law wrongful discharge and Title VII claims may therefore proceed.

---

[1] Defendants and Plaintiff agree that Plaintiff's second and fourth claims, which allege wrongful discharge, apply only to Singh. ECF 17, PgID 94; ECF 22, PgID 163–64. The Court will therefore dismiss Plaintiff's second and fourth claims as to Tyshka.

II. State Law Claims under the North Carolina Wage and Hour Act

Plaintiff's third claim alleged that Singh violated the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.8, when it withheld a bonus in retaliation for Plaintiff proposing that she receive a pay raise in the budget presented. ECF 15, PgID 61. Additionally, Plaintiff's fourth claim alleged that Singh violated the NCWHA when it terminated Plaintiff to avoid paying her an annual bonus. *Id.* Defendant now maintains that Plaintiff's third and fourth claims cannot proceed because (1) Singh is subject to the Fair Labor Standards Act ("FLSA") and thus not covered by the NCWHA, and (2) Plaintiff did not earn the allegedly withheld bonus. ECF 17, PgID 81–86. But both arguments are inapposite.

First, Defendants' assertion that FLSA and NCWHA are mutually exclusive is incorrect. The FLSA's exclusive remedy is only "for violations of its mandates" and not a general preemption. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007) (analyzing preemption between the FLSA and North Carolina law); *see also Martinez Hernandez v. Butterball, LLC*, 578 F. Supp. 2d 816, 819 (E.D.N.C. 2008) (finding that the FLSA does not "*generally* preempt[]" the NCWHA) (emphasis in original). Defendants' first argument that the FLSA generally preempts Plaintiff's NCWHA claims therefore lacks merit.

Second, Plaintiff adequately alleged that she earned the withheld bonus "after meeting agreed upon metrics" and that Defendants terminated her to prevent her from receiving her bonus. ECF 15, PgID 60–61. North Carolina courts have interpreted the NCWHA "to mean that once the employee has earned the wages and

4

benefits, the employer is prevented from rescinding them, with the exception that for certain benefits such as" bonuses, "an employer can cause a loss or forfeiture of such pay if he has notified the employee of the conditions for loss or forfeiture in advance of the time when the pay is earned." *Kornegay v. Aspen Asset Grp., LLC*, 204 N.C. App. 213, 228, 693 S.E.2d 723 (2010) (cleaned up). Because Plaintiff alleged that Defendants denied her a bonus even though she had already met all the necessary requirements and therefore earned the bonus, ECF 15, PgID 57, 60, Defendants' second argument also lacks merit. As a result, Defendants' motion to dismiss Plaintiff's third and fourth claims must be denied.

III.  State Law Tortious Interference Claim

North Carolina law requires the individual who interfered with the contract to be an outsider to the agreement. *Combs v. City Elec. Supply Co.*, 203 N.C. App. 75, 84, 690 S.E.2d 719 (2010). An outsider is "one who was not a party to the terminated contract and who had no legitimate business interest of his own in the subject matter thereof. Conversely, one who is a non-outsider is one who, though not a party to the terminated contract, had a legitimate business interest" in the contract. *Smith v. Ford Motor Co.*, 289 N.C. 71, 87, 221 S.E.2d 282 (1976). Based on the law, Defendants allege that Plaintiff's tortious interference claim against Tyshka is without merit because he had a legitimate business interest in Plaintiff's employment contract and thus was not an outsider. ECF 17, PgID 86–90. And the complaint supports Defendants' argument. Specifically, Plaintiff alleged that Tyshka had to approve her

5

pay increase "at the corporate level," ECF 15, PgID 56, and thus had some legitimate interest in her employment agreement.

It is also well established under North Carolina law that "[t]he qualified privilege of a non-outsider is lost if *exercised for motives other than reasonable, good faith attempts to protect the non-outsider's interests in the contract interfered with*." *Barker v. Kimberly-Clark Corp.*, 136 N.C. App. 455, 462, 524 S.E.2d 821 (2000) (quoting *Lenzer v. Flaherty*, 106 N.C. App. 496, 513, 418 S.E.2d 276 (1992)) (emphasis added). Because the complaint listed examples of Tyshka's legitimate business interest in Plaintiff's employment contract, he was not an outsider to the agreement. Additionally, Plaintiff alleged that "20 of at least 117 possible respondents rated Plaintiff's" performance as facility director as "'fair' or 'poor.'" ECF 15, PgID 57. Thus, Tyshka had a legitimate, good faith reason to terminate her employment. Because Tyshka was not an outsider, Plaintiff's tortious interference claim must be dismissed.

IV. <u>State Law Retaliatory Employment Discrimination Act Claim</u>

Finally, Defendant argues that because Plaintiff did not pursue any discrimination claims "outside any internal grievance systems," her Retaliatory Employment Discrimination Act ("REDA") claim must be dismissed. ECF 17, PgID 90. Plaintiff responds that some REDA claims can proceed even if Plaintiff did not bring any discrimination claims outside the internal grievance system. ECF 20, PgID 159–61. "[T]o succeed on a REDA claim, a plaintiff must demonstrate that 'retaliatory motive' for filing a complaint under" "certain North Carolina statutes" "was a substantial factor in the adverse employment actions taken by the defendant."

6

*Delon v. McLaurin Parking Co.*, 367 F. Supp. 2d 893, 902 (M.D.N.C. 2005) (quotations omitted). "Internal complaints alleging ongoing [workplace safety] violations" can support a REDA claim. *Driskell v. Summit Contracting Grp., Inc.*, 828 F. App'x 858, 867 (4th Cir. 2020). The complaint here, however, does not allege that Plaintiff made any complaints at all—internal to her workplace or otherwise. *See generally* ECF 15. Because Plaintiff did not allege that she filed any complaints, her REDA claim necessarily fails.

## CONCLUSION

For the forgoing reasons the Court will dismiss the tortious interference and retaliatory discharge claims in full, and the wrongful discharge claims as they relate to Tyshka. Defendants must answer the remaining claims within 21 days of this order. After Defendants answer the Court will schedule a Rule 16 scheduling conference.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's unopposed motion to amend response [19] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' partial motion to dismiss Plaintiff's second amended complaint [17] is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's second and fourth claims are **DISMISSED** as they relate to Defendant Tyshka.

**IT IS FURTHER ORDERED** that Plaintiff's fifth and seventh claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss as it relates to Plaintiff's remaining claims is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants must **ANSWER** the complaint within **21 days** of this order.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 4, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 4, 2021, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager